**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

CARLTON M. JAMES,

        **Plaintiff,**

vs.                  9:17-CV-1145
                     (MAD/CFH)
A. DOTY, VINCENT LEONE, D. KAVANAUGH,
KIERPIEC, S. WIGGINS, S. MARTIN, and S.
CARTER

        **Defendants.**

---

**APPEARANCES:**          **OF COUNSEL:**

**CARLTON M. JAMES**
13-A-4356
Great Meadow Correctional Facility, Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**     **ERIK BOULE PINSONNAULT, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Plaintiff commenced this Section 1983 civil rights action *pro se* on October 16, 2017, alleging violations of his constitutional rights under the First and Eighth Amendments. *See* Dkt. No. 1; Dkt. No. 38 at 1-2. Plaintiff's causes of action arose on July 20, 2017, while he was an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). According to Plaintiff, he was inappropriately touched and harassed

during a pat frisk, hit in the head by an unnamed officer, "pummel[ed]" by Defendants, and kicked in his left eye. *See* Dkt. No. 38 at 2-3.

Defendants filed a Combined Motion for Summary Judgment and 12(b)(6) Dismissal on May 17, 2018. *See* Dkt. Nos. 23-1. On June 26, 2017, Plaintiff filed his Opposition to Defendants' Motion. *See* Dkt. Nos. 31. On July 23, 2017, Defendants filed their Reply, and on August 9, 2018, Plaintiff filed a Supplemental Opposition. *See* Dkt. Nos. 33, 36. On January 4, 2019, Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order denying Plaintiff's motion to appoint counsel and "motion to persona standi injudicio," and recommending that the Complaint be dismissed without prejudice. *See* Dkt. No. 38 at 17 & n.9. Plaintiff did not file any objections to the Report-Recommendation and Order.

## II. DISCUSSION

### A. Lack of Objections

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report-recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate

review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

In the present matter, Magistrate Judge Hummel provided Plaintiff adequate notice that he was required to file any objections to the Report-Recommendation and Order, and specifically informed Plaintiff that failure to object to any portion of the report would preclude his right to appellate review. *See* Dkt. No. 38 at 18. Specifically, the Report-Recommendation and Order states that "**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72." *See id.* Thus, Plaintiff clearly had sufficient notice of the consequences of failing to object to the Report-Recommendation and Order.

**B.     Analysis of the Report-Recommendation and Order**

*1. Legal Standard*

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately,

3

"when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his] claims across the line from conceivable to plausible," the complaint must be dismissed, *id.* at 570.

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'" *Id.* at 36-37 (quotation and other citation omitted). In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

2. *Application*

Having carefully reviewed Magistrate Judge Hummel's Report-Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that Magistrate Judge Hummel correctly concluded that the Complaint should be dismissed. The undisputed facts establish that Plaintiff failed to exhaust the administrative remedies available to him, as required

by the Prison Litigation Reform Act ("PLRA").[1] As Magistrate Judge Hummel noted, Plaintiff did not file any grievances while at Marcy Correctional Facility or Five Points Correctional Facility, despite admitting that he is "very familiar with [the] grievance procedure." *See* Dkt. No. 38 at 9-10. Additionally, there is no record that Plaintiff ever exhausted the appeals process, which is required by the PLRA before an inmate brings suit. *See id.* at 11-12 (discussing how Plaintiff never appealed to the Central Office Review Committee); *Casey v. Brockley*, No. 9:13-CV-1271, 2015 WL 8008728, *5 (N.D.N.Y. Nov. 9, 2015) (citing *Neal v. Goord*, 267 F.3d 116, 122-23 (2d Cir. 2001), *overruled on other grounds*, *Porter v. Nussle*, 534 U.S. 516 (2002)) (holding that "any claim not exhausted prior to commencement of the suit must be dismissed without prejudice"). Finally, Magistrate Judge Hummel correctly concluded that Plaintiff had not shown that the administrative remedies were not available. *See* Dkt. No. 38 at 13 (discussing how the record contained only conclusory allegations that an alleged separation of two prison buildings prevented Plaintiff from filing his grievances). Therefore, the Court adopts Magistrate Judge Hummel's recommendation that Plaintiff's federal claims should be dismissed.

Additionally, Magistrate Judge Hummel properly found that the Court should dismiss Plaintiff's state law claims. The Court agrees with Magistrate Judge Hummel that Section 24 of New York Correction Law bars the state law claims because Defendants are DOCCS employees who were on duty at the time of the alleged constitutional violations, and the alleged acts fell

---

[1] The PLRA states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *See Jones v. Bock*, 549 U.S. 199, 218-19 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88-94 (2006)). In New York, the inmate is required to exhaust a three-step administrative review process. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

within the scope of their employment. *See id.* at 16 (applying N.Y. Corr. Law § 24(1) and the factors set forth in *Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir. 1997)). Additionally, the Court agrees with Magistrate Judge Hummel's recommendation that we should not exercise supplemental jurisdiction over the state law claims. *See id.* at 15 (citing 28 U.S.C. § 1367(c)(3)). For these reasons, the Court adopts Magistrate Judge Hummel's recommendation to dismiss the state law claims.

Finally, the Court agrees with Magistrate Judge Hummel that the Complaint should be dismissed without prejudice. As Magistrate Judge Hummel noted, it is unclear from the record whether Plaintiff is still in custody. *See id.* at 14-15 & 15 n.7 (discussing Plaintiff's release on parole in September 2018); *see also* DOCCS Parolee Lookup, http://www.doccs.ny.gov/ParoleeLookup/Lookup (last visited Jan. 29, 2019) (indicating that Plaintiff is in custody for violating his parole on October 16, 2018). Since the statute of limitations has not yet run on the alleged incident, and Plaintiff's custody status is unknown, the Court adopts Magistrate Judge Hummel's recommendation that the Complaint should be dismissed without prejudice. *See* Dkt. No. 38 at 14-15.

### III. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that the January 4, 2019 Report-Recommendation and Order (Dkt. No. 38) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that the Complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 6, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge